**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0208n.06

**No. 08-2529**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Apr 06, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| BENJAMIN ANTHONY JOHNSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: SILER and ROGERS, Circuit Judges; BELL, District Judge.[*]

ROGERS, Circuit Judge. Benjamin Johnson pled guilty to conspiring to distribute cocaine and launder money. Johnson argues on appeal that the Government breached his plea agreement by not filing a substantial assistance motion on his behalf, that his plea was not knowing, intelligent, and voluntary, and that his counsel rendered ineffective assistance. This court reviews the Government's decision not to file a substantial assistance motion pursuant to a plea agreement only for unconstitutional motives, and Johnson does not allege an unconstitutional motive in this case. Johnson's plea colloquy reveals that he entered into his plea voluntarily, and with knowledge of the relevant aspects of his plea. Johnson is therefore not entitled to a reversal of his conviction. Because

---

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

the facts underlying Johnson's claim of ineffective assistance of counsel are not sufficiently developed, it is not appropriate to address this claim on direct appeal.

Benjamin Johnson was part of the "Black Mafia Family," a large cocaine distribution conspiracy that grew out of a drug organization run by Terry and Demetrius Flenory based in Detroit and eventually extending as far as Los Angeles and Atlanta. A grand jury indicted Benjamin Johnson for conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846, for possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1), and for conspiracy to launder monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1) and 1956(h). The indictment alleged that Johnson acted as a manager "over several aspects of the illegal drug operation," that he transported and distributed cocaine, and that he arranged for the transportation and laundering of money.

Pursuant to a plea agreement, Johnson pled guilty to conspiracy to distribute five or more kilograms of cocaine and to conspiracy to launder monetary interests. The agreement stated that both parties believed Johnson's Guideline range to be 188-235 months. Johnson could withdraw his guilty plea if his actual sentence was greater than the top of the agreed Guideline range, but he waived his right to appeal if his sentence did not exceed the top of the agreed Guideline range. The plea agreement incorporated by reference a separate cooperation agreement. In the cooperation agreement, Johnson agreed to provide the Government debriefings and testimony regarding the criminal case against him and his co-defendants. The cooperation agreement also provided, "Any actions or statements inconsistent with continued cooperation under this agreement, including . . .

any . . . conduct which in any way undermines the effectiveness of defendant's cooperation, constitutes a breach of this agreement." The cooperation agreement further stated, "It is exclusively within the government's discretion to determine whether defendant has provided substantial assistance." The Government agreed to move for a reduced sentence under either U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35, as appropriate, if it determined that Johnson has provided substantial assistance. The Government agreed to recommend a sentence of 94-118 months' imprisonment if it made either motion.

At his plea hearing held January 12, 2007, the district court asked Johnson what his Guideline sentencing range was under the plea agreement. Johnson initially stated that the range was 94-118 months, but after being reminded that 94-118 was the range under the cooperation agreement, Johnson correctly identified that the range under the plea agreement was 188-235 months. Johnson also stated that he understood that, if he fulfilled the requirement "to fully cooperate and testify if necessary" and if "the government believes that [he had] properly cooperated, then [the government would] move for a downward departure." He acknowledged that the Government would be moving for a departure down to a range of 94-118 months. The district court stated, and Johnson acknowledged, that the court would then have the power to independently decide that Johnson deserved less than 94 or more than 118 months. The court then stated, "If I independently decide that you deserve more than 118, I will tell you here in open court and then you can withdraw your plea and go to trial." The defendant stated that no one had made any promise to him not stated in

the plea agreement. After Johnson described his role in the cocaine distribution conspiracy, the

district court accepted Johnson's guilty plea.

At the time of his guilty plea, Johnson was still serving a sentence in state prison resulting

from a state criminal conviction. Because Johnson believed that he was entitled both to parole from

the state prison system and to be released on bond pending the federal prison sentence, Johnson was

displeased with his continued incarceration. At a status hearing held October 12, 2007, the attorneys

for the case and the district court attempted to persuade Johnson to consent to federal custody, so that

he could be released on bond and so that, even if he were not released, his time in federal prison

would be counted toward his inevitable sentence. Johnson did not dispute the logic of this argument,

but he refused to leave state custody for reasons he would not explain.

On November 5, 2007, Johnson filed suit in federal court against his attorney, federal

prosecutors involved in his case, the warden of the state prison, and a parole board member, alleging

that these parties were conspiring to keep him in state prison unlawfully. In the Statement of Facts

section of his Prisoner Civil Rights Complaint form, Johnson wrote:

> That I am illegally held in prison by the Michigan Dept. of Corrections to secure my presents [sic] in Federal Court to testify for the Government.
> That Federal and State officials are in a conspiracy to violate my Guaranteed Constitutional Rights to deny me my liberty and access to the Courts in violation of the 1st, 4th, 5th, 6th, 8th, 9th, 13th and 14th Amendments to the United States Constitution causing me anxiety, stress, and duress.[1]

---

[1]Johnson voluntary dismissed his complaint against his attorney and the federal prosecutors. The court granted a motion to dismiss the remainder of the case on May 11, 2009.

Johnson's attorney subsequently moved to withdraw as counsel. At the hearing on the motion to withdraw, held November 8, 2007, the parties discussed that Johnson had pled guilty and that he was hoping to be sentenced after his coconspirators' trial, so that the Government would have a basis on which to make a U.S.S.G. § 5K1.1 motion. The district court asked the federal prosecutor whether, in light of Johnson's suit against the prosecutor, the Government was still planning to move for a downward departure for Johnson. The prosecutor responded, "Your Honor, he's accusing me of doing something—I mean he will if he testifies, yes." During the hearing, Johnson suggested that the federal prosecutor was responsible for the state parole board's failure to grant him parole. The prosecutor again suggested that Johnson submit to federal custody so that he could be released on bond, and Johnson again refused. The court granted the motion by Johnson's attorney to withdraw as counsel and agreed to provide Johnson with alternate counsel.

Johnson's Presentence Investigation Report (PSR), relying on the 2006 edition of the Guidelines, concluded that his adjusted offense level was 38. This was two points higher than the offense level computed by the plea agreement, because the PSR concluded that Johnson was not eligible for the two-point "safety valve" reduction pursuant to U.S.S.G. § 2D1.1(b)(9) (2006 Guidelines).[2] Johnson was not eligible for that reduction both because he was a manager or leader, *see* U.S.S.G. § 5C1.2(a)(4), and because he had more than one criminal history point, *see* U.S.S.G. § 5C1.2(a)(1). The PSR also concluded that Johnson had three criminal history points, as opposed

---

[2]The plea agreement, apparently relying on the 2005 Guidelines, referred to this as § 2D1.1(b)(7). The 2009 Guidelines version of this section is § 2D1.1(b)(11).

to the zero points suggested by the plea agreement. This placed Johnson in criminal history category II rather than I. The PSR computed Johnson's Guideline range as 262-327 months.

At Johnson's first sentencing hearing on May 12, 2008, the district court accepted the Guideline calculation suggested in the plea agreement, resulting in a Guideline range of 188-235 months. The Government did not move for a downward departure under U.S.S.G. § 5K1.1 based on Johnson's substantial assistance. Johnson's counsel argued that Johnson should get credit for time served in state prison under U.S.S.G. § 5G1.3. The district court, noting that the state prison time had not been counted because of Johnson's unexplained refusal to request a transfer to federal custody, initially denied Johnson's request for credit for time served in state prison. The court then gave Johnson's counsel the opportunity to ask that the issue be briefed; defense counsel accepted this opportunity, and the district court adjourned the first sentencing hearing. Johnson filed a supplemental memorandum, and the district court held a second sentencing hearing on November 17, 2008. At the second sentencing hearing, for reasons not explained on the record, the parties agreed that the PSR set out the appropriate Guideline range: 262-327 months. The district court then stated:

> You have served a substantial period of time in State custody for which you are entitled to credit. In addition, the Court has looked at the presentence report, and without going into detail, is satisfied that the appropriate sentence is 150 months starting from today . . . .

After discussion of some administrative details, the court then stated: "Now, this is an oversimplification of some rather complicated issues that are resolved by it. [Counsel for Johnson], are you satisfied with it?" Johnson's counsel responded, "I'm satisfied." The district court then

asked Johnson if he was satisfied. Johnson stated that he still had "some issues" that he "would like

to resolve." The district court briefly addressed other issues before allowing Johnson a chance to

speak. When given the opportunity, Johnson stated:

> At this time I would like to withdraw my plea of guilty and proceed to trial
> because I believe that my constitutional rights have been violated in several aspects,
> Your Honor. I filed a Motion to Dismiss the Indictment and a Supplemental Motion
> to Dismiss the Indictment prior to these proceedings, yet these motions have not been
> formally adjudicated.
>
> I would like to further bring to this Court's attention that I have been illegally
> detained within the Michigan Department of Corrections under a defect of a U.S.
> Marshal's detainer issued in 2006. Despite that, this Court granted me bond, the
> Michigan Department of Corrections granted me two separate parole dates, both of
> which was revoked or extended based on this illegal U.S. detainer.
>
> That being said, Your Honor, truly it's safe to infer that my constitutional
> rights has been violated. On June 17th, 2008 I had a meeting with Cynthia Simon of
> the Records Department at Ryan Correctional Facility, and she informed me that she
> talked to my federal prosecutor and she claimed the prosecutor told her that I had—
> that she put a U.S. Marshal detainer on me. I don't know how true it is, but every
> time I come to, to get a parole, they keep bringing up the prosecution for some reason
> at the Michigan Department of Corrections and I would like to present the Court and
> the prosecution with this letter that was—
> [Interruption by prosecutor omitted.]
> Well, I would like to go to a jury trial, Your Honor, based on the fact that I'm
> illegally in prison and constitutional rights violated. Thank you. I have nothing else
> to say.

The prosecutor stated that there was no federal detainer on Johnson. The district court noted that the

state parole board, by letter, had stated that Johnson had been held in state court because he had

violated his parole conditions and not because of any federal detainer. The court then concluded the

proceeding.

Johnson argues on appeal that the Government breached the plea agreement by not filing a

§ 5K1.1 motion and thus that the district court erred by refusing to allow Johnson to withdraw his

guilty plea, that his plea was not voluntary, knowing, intelligent, and that his counsel was ineffective for failing to object to the Government's alleged breach of the plea agreement and by failing to assist Johnson in withdrawing his plea.

Johnson is not entitled to relief based on his allegation that the Government breached his plea agreement because he does not allege that the government had an unconstitutional motive.[3] Where "the defendant's plea agreement afford[s] the government 'complete discretion' to determine whether to file a motion for downward departure, [this court] 'may review the government's refusal only for unconstitutional motives.'" *United States v. Hawkins*, 274 F.3d 420, 428 (6th Cir. 2001) (quoting *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000)). The cooperation agreement provided that it was "exclusively within the government's discretion to determine whether defendant has provided substantial assistance." Because Johnson does not allege any unconstitutional motive, his claim that the Government breached his plea agreement fails. Further, the Government's decision not to make a substantial assistance motion found support in the record. The cooperation agreement, which was incorporated by reference into the plea agreement, provided that "[a]ny actions or statements inconsistent with continued cooperation under this agreement, including . . . any . . . conduct which in any way undermines the effectiveness of defendant's cooperation,

---

[3]Johnson presents his argument that the Government breached the plea agreement in part as an argument that the district court erred by not granting his motion to withdraw his plea. That motion is irrelevant to his present claim for two reasons. First, the district court could not grant the motion because it was made after Johnson was sentenced. *See* Fed. R. Crim. P. 11(e). Second, Johnson moved to withdraw his plea for reasons entirely unrelated to any alleged breach of his plea agreement or cooperation agreement. We therefore address this claim as if Johnson had directly alleged a plea agreement breach.

constitutes a breach of this agreement." Johnson undermined the effectiveness of his cooperation by filing a lawsuit which alleged that federal and state officials had conspired to hold him illegally in state prison "to secure [his] presents [sic] in Federal Court to testify for the Government." This complaint undermined Johnson's value as a witness, as the claims made by Johnson's suit rendered him vulnerable to cross examination suggesting that his testimony was coerced.

Johnson's plea was valid because he entered the plea knowing that he was subject to a sentence of up to 235 months unless the Government determined that he cooperated. In his plea colloquy, when asked specifically about his sentencing range absent a substantial assistance motion, Johnson indicated that the top of his Guideline range was 235 months. Later, he confirmed that he understood that if he "fully cooperate[d] and testif[ied]" and "the government believe[d] that [he] properly cooperated, then they [would] move for a downward departure." He also indicated that he understood that, only then, his sentencing range would be between 94 and 118 months. These statements indicated a full understanding of the relevant consequences of his guilty plea. Because the Government did not believe that Johnson properly cooperated, he did not receive the benefit of the 94 to 118 month recommendation. The district court nevertheless sentenced him to 150 months, well below the otherwise applicable Guideline maximum of 235 months. Because this comports with the understanding of the plea agreement's consequences that Johnson acknowledged during his plea colloquy, Johnson entered into his plea knowingly, voluntarily, and intelligently. *See Brady v. United States*, 397 U.S. 742, 748 (1970) (stating the standard).

Johnson also points to the district court's statement that the district court would give Johnson an opportunity to withdraw his plea if the district court independently determined that Johnson should receive more than 118 months' imprisonment despite his guilty plea. This statement also does not indicate any misunderstanding by Johnson, as it clearly applied only in the context where 188 months was the top of the recommended sentencing range. Even if one were to apply this statement to the situation in which Johnson had not offered substantial assistance, the analogous assurance to Johnson would be that the district court would allow him to withdraw his plea if the court independently determined that he deserved more than 235 months. As Johnson received a far shorter sentence, he cannot now rely on this promise to claim that he did not enter into his plea knowingly. *See Brady*, 397 U.S. at 748 (holding that defendant must be sufficiently aware of the likely consequences of his guilty plea).

Finally, because "[t]he record on appeal in this case is not sufficiently developed to warrant resolution of [the defendant]'s ineffective-assistance claim on direct appeal," we "decline to address [that claim's] merits." *United States v. Aaron*, 590 F.3d 405, 410 (6th Cir. 2009). Johnson argues that his counsel was ineffective for failing to object to the alleged breach of his plea agreement and for failing either to move to withdraw Johnson's plea or to assist Johnson in Johnson's motion to withdraw his plea. The record on appeal is not sufficiently developed to address this issue adequately, not least because of the district court's rather cryptic statement that "the Court has looked at the presentence report, and without going into detail, is satisfied that the appropriate sentence is 150 months starting from today . . . ." Without any knowledge of the unrecorded

considerations that resulted in the 150-month sentence, this court cannot begin to determine whether Johnson's counsel was ineffective. This claim is therefore not fit for review on direct appeal. *See id.*

For these reasons, we **AFFIRM** Johnson's conviction and sentence and decline to address the merits of his ineffective assistance claim.